IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| GARY D. GREGORY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:23-cv-00037 |
| QUAD/GRAPHICS, INC. | ) |
| **SERVE:** Corporation Service Company, Registered Agent, 100 Shockoe Slip, Fl 2, Richmond, VA 23219 | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff Gary D. Gregory ("Plaintiff" or "Mr. Gregory"), by and through his undersigned counsel Broderick C. Dunn, Esq., and the law firm of Cook Craig & Francuzenko, PLLC, and for his Complaint against the defendant, Quad/Graphics, Inc. ("Defendant" or "Quad"), states as follows:

## NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against Defendant under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq. ("FMLA") for retaliation.

## PARTIES

2. Plaintiff is an adult resident of West Virginia.

3. Defendant is a Wisconsin corporation that has been qualified to conduct business in Virginia since 1985. Quad describes itself on LinkedIn as "global marketing experience

company that helps brands reimagine their marketing to be more streamlined, impactful, flexible, and frictionless." Defendant's principal office is located at N61 W23044 Harrys Way, Sussex, Wisconsin, 53089 and Defendant operates a plant located at 160 Century Lane, Winchester, Virginia, 22603.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Western District of Virginia is where Defendant conducts business.

## FACTUAL BACKGROUND

6. Plaintiff began working for the Defendant seventeen years ago in 2006 as a Press Operator.

7. In January of 2022, Plaintiff had an accident at home and suffered a serious hand injury.

8. Due to his injury, Plaintiff went on Short Term Disability leave from January 8, 2022 until April 8, 2022.

9. After the end of his Short Term Disability, Plaintiff then went on Long Term Disability leave from April 8, 2022 to June 13, 2022.

10. On June 13, 2022, Plaintiff was finally released to return to work. However, that same day, Plaintiff found out that his mother was dying from a 4.5-centimeter Glioblastoma brain tumor. Plaintiff's mother was only predicted to live another two to three months.

11.     On June 13, 2022, Plaintiff sent an email to Quad's Human Resources Representative, Nena Cole ("Ms. Cole"), requesting FMLA leave to care for his mother with the intent to return as soon as she passed.

12.     The next day, on June 14, 2022, Plaintiff received a letter informing him that his FMLA request had been denied because he had exhausted his leave entitlement for the 2022 calendar year.

13.     On June 17, 2022, Plaintiff called Quad's work hotline to see if he was scheduled to work but was told that his clock-in number was invalid.

14.     Plaintiff then called Quad's Human Resources hotline to resolve the issue, but instead, he was informed, for the first time, that Quad had terminated his employment.

15.     Plaintiff was never contacted by a manager, supervisor, or directly from Human Resources, or anyone else from Quad to inform him that he had been terminated.

16.     Plaintiff never received written notice that he had been terminated.

17.     Beginning in June of 2022, Plaintiff began requesting copies of his employment records.

18.     On July 5, 2022, Plaintiff texted Lance Smith, Manufacturing Manager for Quad, requesting copies of his records and was told that they would be mailed to him.

19.     When he still had not received any records, Plaintiff emailed Ms. Cole to request his employment records pursuant to Va. Code § 8.01-413.1.

20.     On September 12, 2022, Ms. Cole responded with a copy of his employment records, but notably, written notice of his termination was not included,

21. Plaintiff followed up with Ms. Cole on September 16, 2022 to ask that he be given a record that stated his date of termination and why he had been terminated. Plaintiff's request was ignored.

22. On October 5, 2022, Plaintiff sent yet another email requesting records of his termination, but yet again, received no response.

23. To date, Plaintiff has never received any documentation regarding his termination.

## COUNT I

### (FMLA Retaliation)

24. Plaintiff restates and realleges the allegations contained in paragraphs 1-23 of the Complaint as if fully set forth herein.

25. Plaintiff engaged in protected activity when he contacted Defendant in June of 2022 to request FMLA leave to care for his dying mother.

26. Defendant took an adverse employment action against Plaintiff by terminating his employment shortly thereafter.

27. Plaintiff's termination was causally connected to his request to take FMLA leave.

28. As a result of Defendant's conduct, Plaintiff has suffered lost back pay, lost front pay, liquidated damages, and attorneys' fees.

WHEREFORE the plaintiff, Gary D. Gregory, demands judgment against the defendant, Quad/Graphics, Inc. as follows:

(a) For Count I in the amount of $1,000,000 in lost back pay and front pay and $1,000,000 in liquidated damages;

(b) Plaintiff's attorneys' fees as provided by FMLA; and

(c) Pre-judgment interest, post-judgment interest and all other further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Gary D. Gregory

By counsel: <i>/s/Broderick C. Dunn</i>

Broderick C. Dunn, VSB No. 74847
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 Phone
(703) 434-3510 Fax
bdunn@cookcraig.com
*Counsel for Plaintiff Gary Gregory*